UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **MICHAEL GULLBRANTS**, <br>    *Plaintiff*, <br><br> v. <br><br> **ROBERT BOSCH TOOL CORPORATION**, and **LOWE'S HOME CENTERS, LLC** d/b/a **LOWE'S HOME IMPROVEMENT**, <br>    *Defendants*. | C.A. No.: 1:25-cv-11197-FDS |

## AMENDED COMPLAINT AND JURY DEMAND

### PARTIES

1. The Plaintiff, Michael Gullbrants ("Michael") is an individual residing in Brockton, Massachusetts.

2. The Defendant, Robert Bosch Tool Corporation, ("Bosch") is a limited liability company with a usual place of business located at 1800 West Central Rd, Mt. Prospect, IL 60056. Bosch does business and sells products and merchandise in Massachusetts.

3. The Defendant, Lowes Home Improvement is located at 135 West Gate Drive, Brockton, MA and has its headquarters located at 1000 Lowes Boulevard, Mooresville, NC 28117. Lowes does business and sells merchandise in Massachusetts.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to G.L. c. 212, § 4, as the amount in controversy exceeds $50,000. The Superior Court has original jurisdiction over civil actions involving tort, contract, and real property disputes, as well as claims seeking equitable relief.

5. This Court has jurisdiction over the Defendants because it conducts business in Massachusetts and has sufficient minimum contacts with the Commonwealth to satisfy constitutional due process requirements.

6. Venue is proper in this Court pursuant to G.L. c. 223, § 1, because the Defendants reside, have a usual place of business, and/or conducts business in this county. If the Defendants are a corporation, venue is proper in the county where the corporation has a usual place of business.

7. Pursuant to G.L. 223, venue is also proper because a substantial part of the acts and omissions giving rise to the Plaintiff's claims occurred in this county. In cases involving tort claims, including product liability and negligence, venue is proper in the county where the Plaintiff resides or where the Defendants reside or do business.

8. In cases involving claims for breach of contract or warranty, venue is proper under G.L. c. 223, § 8, in the county where the Defendants reside or has a usual place of business, or in the county where the contract was made or performed if the Plaintiff resides in that county.

9. If the Defendants are nonresidents of Massachusetts, venue is proper in any county where the Defendants is found, in accordance with G.L. c. 223, § 1.

10. This Court's exercise of jurisdiction and venue over this matter is consistent with Massachusetts law and ensures the fair and efficient resolution of this dispute.

## FACTS COMMON TO ALL COUNTS

11. On or about December 14, 2021, Mr. Gullbrants purchased a Bosch table saw from the 135 West Gate Drive, Brockton, MA Lowe's Home Improvement ("Lowes") location.
12. Defendant Lowe's marketed and sold the Table Saw to Mr. Gullbrants at a discount because the Table Saw was an "open-box sale."
13. When Mr. Gullbrants brought the Table Saw home, he discovered that it had been sold to him by Defendant Lowe's without wheels or a saw blade.
14. Defendant Lowe's also failed to include the instruction manual or a blade guard with the Table Saw.
15. Mr. Gullbrants contacted Defendant Lowe's regarding the missing wheels and blade, and Defendant Lowe's directed Mr. Gullbrants to contact Defendant Bosch as the manufacturer.
16. Mr. Gullbrants contacted Defendant Bosch and requested the missing wheels and blade. Defendant Bosch shipped to Mr. Gullbrants the requested wheels and blade.
17. Neither Defendant Bosch nor Defendant Lowe's supplied Mr. Gullbrants with an instruction manual with his purchase of the Table Saw.
18. Neither Defendant Bosch nor Defendant Lowe's supplied Mr. Gullbrants with a blade guard with his purchase of the Table Saw.
19. On the morning of March 15, 2022, Mr. Gullbrants was using the table saw in the manner and for the purpose it was intended.
20. The table saw did not have the appropriate safety guard to protect the user from coming into contact with the rotating saw blade and Mr. Gullbrants' left thumb came into contact with the exposed blade of the saw.
21. While using the table saw at home to craft charcuterie boards, Mr. Gullbrants' left thumb hit the exposed and unprotected blade of the defective table saw.
22. The blade caused catastrophic damage to Mr. Gullbrants' thumb on his dominant left hand, requiring emergency medical attention.

23. Mr. Gullbrants underwent emergency care in the Emergency Department at Good Samaritan Hospital because of the risk of losing his thumb and the nerve damage due to the injuries he sustained.
24. At the time Mr. Gullbrants purchased the saw, the table saw packaging and labeling provided no warning that it had been altered from its intended design to state that was both dangerous and hazardous to the average consumer.
25. As a retail seller of the table saw, Lowe's is liable for breach of the implied warranty of merchantability pursuant to G.L. c. 106 §2-314.
26. A seller breaches its warranty obligation when it sells a product that is defective and unreasonably dangerous for the ordinary purpose for which it is normally fit, and that defect causes injury.
27. Mr. Gullbrants was injured while using the table saw in a manner that was ordinary and reasonably foreseeable by Lowes.
28. Accordingly, liability is established and is otherwise reasonably clear.
29. Mr. Gullbrants' injuries can best be described as grotesque and deep lacerations, a bone fracture, and significant nerve damage.
30. Despite his course of treatment with specialists, including an orthopedic surgeon, Mr. Gullbrants has yet to regain full sensation with respect to his thumb that suffered a permanent and debilitating injury that impacts his livelihood as a woodworker.
31. Mr. Gullbrants' orthopedic specialist opined he has permanent nerve damage due to the severity of his injuries.
32. In fact, Dr. Fanuele at University Orthopedics opined that Mr. Gullbrants will likely always have some amount of decreased sensation in the ulnar nerve distribution given the severity of injury.
33. Due to the injury, Mr. Gullbrants experiences decreased sensation in his dominant left thumb and consistently experiences numbness and cold sensations.
34. Additionally, he is regularly confronted with an inability to use his thumb for basic tasks such as writing and crafting, which he used to enjoy.

35. As a retired veteran, woodworking became Mr. Gullbrants' passion and helped him make social connections and pass the time.
36. Mr. Gullbrants sold his charcuterie boards at craft festivals to stay active, provide himself with additional income, and enjoy the company of fellow woodworkers and craft enthusiasts.
37. It is unclear if he will ever be able to return to the life he had before this unfortunate accident.
38. All of the described losses to Mr. Gullbrants' everyday life, along with unknown future and long-term prognosis are the result of the injuries he sustained while using the defective product sold by Lowe's and manufactured by Botsch.
39. Plaintiff notified the Defendants of the defects in the goods and sent a demand letter dated May 8, 2023, through his counsel, which included allegations that the Defendants violated G.L. c. 93A.
40. The Defendants did not respond to the Plaintiff's demand within the time period required by statute.

## COUNT I - NEGLIGENCE

41. The Plaintiff repeats, reavers and repleads the allegations above as if fully set forth herein.
42. At all relevant times including on March 15, 2022, Plaintiff, Micheal Gullbrants was the injured by a defective Botsch table saw he purchased from the Lowes Home Improvement store located at 135 West Gate Drive, Brockton, MA .
43. At all relevant times including March 15, 2022 and the days leading up to it, Botsch failed to manufacture and Lowes failed to sell a safe table saw and one that was in a condition to do its intended job to prevent unreasonable danger to the consumer/operator.
44. The Defendants owed a duty of care to the Plaintiff to ensure the table saw was safe for its intended use.
45. Defendants breached said duty of care by selling a defective table saw.
46. As a direct and proximate result of the negligence of the Defendants, their employees, agents and for those whose actions each is responsible for, the Plaintiff

has been caused to suffer and continues to suffer from the lack of the use and enjoyment of his hand, emotional distress, and monetary loss. These losses are continuing in nature and Plaintiff will continue to suffer from said losses in the future. He does not enjoy life as he did prior to the occurrence.

WHEREFORE, the Plaintiff demands judgment against the Defendants, jointly and severally, in a sum to be determined at trial.

## COUNT II
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

47. The Plaintiff repeats, reavers and repleads the allegations above as if fully set forth herein.
48. The Defendants are merchants with respect to the sale of power hand tools.
49. On or about December 14, 2021, the Plaintiff purchased a Bosch table saw from the Lowe's Home Improvement store located at 135 West Gate Drive, Brockton, Massachusetts.
50. An implied warranty that the goods were merchantable arose by operation of law as part of the sale.
51. The Defendants breached the implied warranty of merchantability in that the goods were not in merchantable condition when sold or at any time thereafter and were not fit for the ordinary purposes for which such goods are used in that: the table saw did not have the appropriate safety guard to protect the user from coming into contact with the rotating saw blade.
52. As a result of breach of the implied warranty of merchantability, the Plaintiff suffered damages in the amount representing the difference between the value of the goods as delivered and the value they would have had if they had been as warranted.
53. The Defendant's breach also caused substantial damages including medical expenses, total and partial disability, lost income and loss of opportunity, pain and suffering and damages for permanent and disfiguring injury.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in an amount to be determined at trial, plus costs and such other relief as the Court deems proper.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

54. The Plaintiff repeats, reavers and repleads the allegations above as if fully set forth herein.
55. The Plaintiff purchased the goods for a particular purpose, to safely make, produce and craft cutting boards in his woodworking business in order to sell
56. Buyer informed Seller at the time of the sale of the particular purpose for which she required the goods and asked Seller to select and furnish suitable goods.
57. Buyer relied on Seller's skill and/or judgment to select or furnish suitable goods, and Seller knew or had reason to know that Plaintiff was so relying in making the purchase of the subject saw.
58. As a result of the circumstances of the sale, an implied warranty arose that the saw was fit for Buyer's purposes.
59. The subject saw was not fit for Buyer's purpose in that it was defective in that it lacked the appropriate guard over the blade that was intended to protect the user from getting cut by the blade.
60. Buyer notified Seller of the defects in the goods on May 28, 2023 which was a reasonable time after Buyer discovered the breach.
61. As a result of Seller's breach of the implied warranty of fitness for a particular purpose, Buyer has suffered damages.
62. Seller's breach also caused the following incidental and consequential damages to Buyer including physical and personal injuries, including permanent loss of use of his thumb, mental anguish, pain and suffering, loss of income, loss of opportunity and loss of enjoyment.

WHEREFORE, the Plaintiff prays for judgment against the Defendants as to Count III, jointly and severally, in an amount to be determined by a jury at trial.

## **COUNT IV – UNFAIR AND DECEPTIVE ACTS AND PRACTICES AND VIOLATIONS OF G.L. c. 93A**

63. The Plaintiff repeats, reavers and repleads the allegations above as if fully set forth herein.
64. On May 28, 2023, the Plaintiff sent a demand letter to the Defendants pursuant to G.L. c. 93A alleging unfair and deceptive acts and practices arising out of the sale of defective goods that were neither merchantable nor fit for a particular purpose. A true and accurate copy of said demand letter is attached hereto as Exhibit 1.
65. As part of the same demand letter, the Plaintiff included a full and complete account and assessment of his injuries caused by the Defendant's product that was sold and put into the stream of commerce by them.
66. At all times relevant, liability for the plaintiff's personal injuries was reasonably clear.
67. At all times relevant, liability for the defendant's breach of the implied warranty of merchantability and fitness for a particular purpose was reasonably clear.
68. At all times relevant, the Defendants had a statutory obligation to respond to the Plaintiff's demand letter in thirty (30) days with a reasonable offer of settlement.
69. The Defendants did not respond to the Plaintiff's demand letter.
70. Had the Defendants engaged in good faith settlement negotiations of the Plaintiff's claim, the Plaintiff would not have been forced to engage in litigation with the defendants at great cost, risk and expense to him.
71. The Defendant's failure to respond to the Plaintiff's demand letter pursuant to G.L. c. 93A §§2 and 9 is a separate and distinct fact that constitutes unfair and deceptive acts or practices on behalf of the Defendants.
72. As a result of the Defendants' unfair and deceptive acts and practices, the Plaintiff suffered and continues to suffer damages.

73. The unfair and deceptive acts and practices of the Defendants were both willful and knowing with a conscious disregard for the Plaintiff's injuries and demand for settlement.

WHEREFORE, the Plaintiff demands judgment as to Count IV of the complaint against the Defendants, jointly and severally, in an amount to be determined by the Court, in an amount up to double, but no more than treble the amount of damages to be determined by the Court after trial.

## DEMAND FOR JURY TRIAL

Plaintiff hereby makes demand for trial by jury on all issues so triable.

Respectfully submitted,

MICHAEL GULLBRANTS

By his attorney,

*Peter S. Farrell*
Peter S. Farrell (BBO: 656512)
Farrell Lavin, PLLC
46 Railroad Avenue, Suite 204
Duxbury, MA 02332
(781) 236-3620
pfarrell@farrelllavin.com

Date: May 25, 2025

9

## CERTIFICATE OF SERVICE

      I, Peter S. Farrell, counsel for the Plaintiff, hereby certify I served a copy of the foregoing Amended Complaint on all counsel of record via ECF and email on this 25th day of May, 2025 to the following:

Mitchell R. Edwards, Esquire
Seta Accaoui, Esquire
Olivia Rayburn, Esquire
Hinckley, Allen & Snyder LLP
100 Westminster Street, Suite 1500
Providence, Rhode Island 02903
medwards@hinckleyallen.com
saccaoui@hinckleyallen.com
orayburn@hinckleyallen.com

                                              */s/ Peter S. Farrell*
                                              Peter S. Farrell